IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BENJAMIN SHANE FOSTER,   )<br>  )<br>  Plaintiff,  )<br>  )<br>v.  )<br>  )<br>A.J. GREEN, et al.,  )<br>  )<br>  Defendants.  )  | CASE NO. 3:22-cv-13-RAH-JTA<br>[WO] |

## **ORDER**

Benjamin Shane Foster is an inmate incarcerated at the Randolph County Detention Facility in Wedowee, Alabama. This matter has been docketed and filed under the provisions of 42 U.S.C. § 1983 and is before the Court for screening under the applicable provisions of 28 U.S.C. § 1915. *See* 28 U.S.C. § 1915 (e)(2)(B)(i)–(iii) and 28 U.S.C. §§ 1915A(b)(1)-(2). Upon review, the Court finds the Complaint contains deficiencies which Plaintiff will be given an opportunity to correct.

First, Plaintiff alleges claims of inadequate healthcare and due process violations based upon his denial of a hearing prior to a disciplinary and his placement in protective custody following a complaint. These claims, however, are unrelated to each other and occurred during separate, unrelated periods of time. They must therefore be brought in separate civil actions. *See* Fed. R. Civ. P. 18(a) and 20(a)(2)(A). Thus, for each separate and distinct claim Plaintiff seeks to challenge, he must file a separate complaint and either pay the $350 filing and $52 administrative fees or file a motion to proceed without prepayment of fees and costs.

Additionally, Plaintiff is advised that in filing a § 1983 action he must set forth the facts that support his claims against the individuals he names as defendants, and state clearly how each named defendant violated his constitutional rights, the date(s) on which the incident(s) occurred, and where the incident(s) occurred. Accordingly, if Plaintiff seeks to proceed with this 42 U.S.C. § 1983 Complaint, it is

ORDERED that **by February 18, 2022**, Plaintiff must file an amended complaint that:

1. Contains one claim and any claim that can be shown closely related to it, *i.e.*, arising out of the same incident or facts in both time and type.

2. Provides the names of the individuals personally responsible for the conduct and actions alleged to have violated his constitutional rights.

3. Specifically describes how each defendant listed in the amended complaint acted in a manner that deprived him of his constitutional rights.

In filing the amended complaint, Plaintiff must present a short and plain statement of the claim showing why he is entitled to relief which "give[s] the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotations omitted); FED. R. CIV. P. 8(a)(2). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* (internal quotations omitted).

To aid Plaintiff in filing a response to this Order, the Clerk is DIRECTED to provide him with a copy of the form used by prisoners to file § 1983 complaints. Plaintiff must use

this form in filing his amended complaint. The amended complaint will supersede all prior pleadings. Thus, the Court will consider only those claims set forth and defendant(s) named in the amended complaint.  If Plaintiff fails to comply with this Order, the Magistrate Judge will recommend this case be dismissed.

DONE this 28th day of January, 2022.

/s/ Jerusha J. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE